UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| RAYMOND D. COOPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No: |
| vs. | ) |
| | ) |
| RYAN ORR, | ) **JURY TRIAL DEMANDED** |
| | ) |
| and | ) |
| | ) |
| KENNETH R. HARRELL, | ) |
| | ) |
| Defendants. | ) |

## *NOTICE OF REMOVAL*

COMES NOW, Defendant Deputy Ryan Orr ("Defendant"), by and through counsel, and files this Notice of Removal of the above-entitled action to the United States District Court for the Eastern District of Missouri, Northern Division, pursuant to 28 U.S.C. § 1441 and 1446, and for grounds hereof respectfully states as follows:

1. That the above-entitled action, now pending in the Circuit Court of Clark County, State of Missouri (23CK-AC00075) is a civil action at law brought by Plaintiff (pro se) against Defendant and separate defendant Kenneth Ray Harrell to recover monetary relief and other damages.

2. In Plaintiff's handwritten Petition, Plaintiff purports to allege, *inter alia*, Defendant violated Plaintiff's federal constitutional provisions mirroring state constitutional provisions (Mo. Const. Art. I, §§ 10 and 15). Pet. p. 7.

3. That Federal District Courts have original jurisdiction over claims or rights "arising under the Constitution, treaties, or laws of the United States." 28 U.S.C. § 1441(c)(1)(A); 28

U.S.C. § 1331 (federal question jurisdiction). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987).

4. This Court has original jurisdiction over this action in as much as the Plaintiff alleges violations of Constitutional rights, actionable under federal statutes, 42 U.S.C. §§ 1983 and 1988.

5. In any civil action of which the Federal District Courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Federal District Court may exercise jurisdiction over state-law claims that may be viewed as part of the same case if they "derive from a common nucleus of operative fact" as the federal claim. *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

6. Although Plaintiff's Petition may purport to allege state law action under the Missouri Constitution and R.S.Mo. Chapter 447, and R.S.Mo. § 537.525, these purported state causes of action derive from a "common nucleus of operative fact" as the gravamen of Plaintiff's claims arises from Plaintiff's claims purportedly raised under federal law regarding due process and being secure from an unlawful search/seizure.

7. That the action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a), 1331, 1446 and 1367(a).

8. That this Notice of Removal is filed in this Court within thirty days of purported service of the Plaintiff's Petition upon Defendant, as Defendant contemporaneously is waiving

2

formal service of process with the subject filings, which is the first pleading raising the above federal claims.

9. A true and correct copy of Plaintiffs' Petition filed in the Circuit Court of Clark County, Missouri, is attached as Exhibit A.[1]

10. The undersigned, as counsel for Defendant, hereby affixes his signature as an agent to Defendant that, to the best of Defendant's knowledge, he is the only served Defendant and consents to the removal of this action pursuant to 28 U.S.C. 1446(b)(2)(A). *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005) ("It is well recognized that the consent of unserved defendants need not be obtained to effectuate removal.").

11. Regardless, the undersigned called Kenneth Harrell on April 15, 2024, and Mr. Harrell confirmed he consented to the matter being removed to federal court. He also confirmed no service has been obtained on him by the time of the phone call. He did not have counsel representing him at that time.

WHEREFORE, Defendant prays this Honorable Court to accept jurisdiction of said action.

    /s/ Robert T. Plunkert
Robert T. Plunkert   #62064
PITZER SNODGRASS, P.C.
Attorney for Defendant
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
Email: plunkert@pspclaw.com

---

[1] Defendant will file a certified copy of the entire state court file after notification of this Notice of Removal is filed with the state court (Defendant will attach this to a Notice of Filing Notice of Removal).

      I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 23rd day of April, 2024:

Raymond D. Cooper
Lincoln County Jail
65 Business Park Drive
Troy, Missouri 63379
*Pro Se Plaintiff*

                                           /s/ Phillip B. Schatz