IN THE STATE OF Missouri
For Clark County in Kahoka.

FILED FOR RECORD
IN MY OFFICE
SEP 1 9 2023
Kimberly A. Smith
Circuit Clerk
Clark County, MO

Raymond D. Cooper
(plaintiff)

Case# 23CK-AC-00075
To be assigned

v.

Ryan Orr
Kenneth R. Harrell
(defendants)

Re: Civil Action / Recovery
for damages 447.060
and 537.525.

Civil Action under Rsmo 447.060 for failure to discover under Missouri's Uniform Disposition of Unclaimed Property Act. Chapter 447 missouri Code.

Comes now plaintiff Raymond D. Cooper in motion to the Honorable Courts of Clark County in motion to recover double value of property which was subject to discovery under Rsmo 447.010 of Missouri Statutes. As described in Missouri Statutes 447.060 all property in which a "Finder" being Ryan Orr and Kenneth Roy Harrell is entitled double value of the property in which the finder(s) have failed to discover.

"Facts"

On August 4th 2019 Kenneth Roy Harrell recovered a Universal Storage Bus (USB) 5-silver Keys and a Black metal screw top storage container. Approximatly at 6:30 pm on Aug. 4th 2019 Harrell turned these lost items into Kahoka Police Department for "Lost and Found".

Ryan Orr assumed control over these items. Under Ryan Orrs control he then searched the USB to attempt to locate the owner. But in doing so Ryan Orr violated multiple laws of Missouri.

First he failed to follow statutory laws under Missouri Code 447.010 in handling lost or misplaced property

1-of-7

Under Missouri laws Ryan Orr and Kenneth Harrell is obligated to complete a sworn affidavit describing what was found, where it was found and swear nothing was spirited away. (RSMO 447.010)

Then the property and Affidavit is taken before a judge, its appraised and the public is notified. (RSMO 447.020 - 447.030)

These statutory procedures to comply with a process for Due process in protecting private persons rights were never followed.

This is acknowledged in a hearing before United States Magistrate Stephen R. Welby on 11-10-22 in transcribed testimony of Kenneth Harrell and Ryan Orr.

Additionally on Aug. 4th 2019 at 6:30 pm est. Ryan Orr plugged the Universal Storage Bus into his police computer to search it without a warrant, or any justifiable reason other than to attempt to find identifiers of who the USB "Computer Equiptment" belonged to. This waivered from Statutory Laws under chapter 447 which violated this plaintiffs Missouri Constitutional Right secured under Article I; section 15 which prohibits these searches under State Constitutional protections.

And in not following these Due process procedures violates Missouria Constitution Article I; section 10 "Due process" in mishandling lost property.

The value of the Tangible property and replacement of the locks for the Keys, the 64-gig USB and Storage container is minimal even in double value forfeited compared to the digital property in which Ryan Orr exposed into the subject matter. Which includes the entire Digital E-Books of Iowa Codes and Statutes. A entire file of Pro-se legal forms for Dissolution of Marriage, 42 USC 1983, § 1985 and Pro-se Post Conviction forms and others too extensive to list. Other books including Religious Books of Apocrapha, (Cambridge version). Prison Litigation Handbook And many other Legal and Religious E-Books not easily replaced.

Intellectual Property of original books being designed and written by this plaintiff Several designs for inventions which were in the process of being developed for prototypes.

2-of-7

The data and artistic creations, E-books and other intellectual property Ryan Orr opened, meddled with, caused to be withheld and tampered with exceeds $750.00 if not exceeding $25,000.00 considering the digital value of the Content on the USB. Which is defined as "Computer Equiptment" under Missouri Revised Codes § 556.061(6) which includes "data storage devices" (USB).

To "Tamper" under Rsmo 569.010(4) to interfere with something improperly, to meddle with it, displace it, make unwarranted alterations, in its existing condition or to deprive temporarily the owner of that thing."

Under this description. Ryan Orr's opening of the USB is under Law "Tampering with Computer Equiptment" which is a Felony offense under Rsmo 569.097 1.(1), 2.(2). And "Tampering with Computer Data" Rsmo. 569.095.

"Defendants"

Defendant: Kenneth Ray Harrell is last Known to resided at: 365 W. Court St., Kahoka, Missouri 63445
D.O.B: 4/24/2003

Defendant: Ryan Orr
Address: 518 N. Lincoln St., Kahoka, Missouri 63445.
#(660) 727-2911 (work)

"Relief Sought"

Relief Sought is as follows for each defendant seperatly:

3-of-7

Kenneth Ray Harrell did obtain Lost or Mislaid property consisting of 1-USB, 5-Silver Keys, and a Black metal Storage Container.

The USB alone is valued at minimum of $20.00 which double value is $40.00.

5-silver Keys is to 3-deadbolt house locks which had to be replaced. Two located in Kahoka, One in Keokuk, Iowa. Fair market value of these lock replacements are roughly $150.00 with Labor which double value is $300.00.

And the Black metal Storage Container is replaceable from Kahoka pharmacy between $10.00 and $20.00. Doble value forfeited on that item is fair at $20.00 because this item was gifted to the plaintiff.

The damages owed to this plaintiff by Kenneth Ray Harrell is $360.00 and court costs. As the law prescribes of double value to forfeit.

Defendant: Ryan Orr did obtain the plaintiffs property consisting of 1-USB; 5-Silver Keys; 1-metal storage container on a Keyring, and exposed + withheld digital property.

This plaintiff is owed the same amount owed by Kenneth Ray Harrell for seperate offense under 447.010 through 447.060 double value of property.

Due to both defendants violated Rsmo 447.060 as a U.S. Magistrate determined on 11-10-2022 in the U.S. District Courts in St. Louis, Mo. which is certified in Transcripts from that Court which will be submitted into evidence should this case be litigated.

In addition, this plaintiff also submits additional claim for damages against Ryan Orr for the following:

4-of-7

In addition to the double forfeited value of the Tangible property for failure to discover under Rsmo 447.060.

Ryan Orr did violate the plaintiffs Protected State Constitutional Rights under Article I; section 15 that Prohibits Ryan Orr from opening, inspecting private property as described in sect 15 "That people shall be secure.. in their person, papers, homes effects and "electronic communications" and "data" from unreasonable searches and seizures..." which Ryan Orr did both.

Under missouri Laws Rsmo 570.060 "Lost Property"
1. A person who appropriates lost property shall not be deemed to "have stolen that property within the meaning of section 570.030 unless such property is found under circumstances which gave the finder Knowledge of or means of inquiry as to the true owner."

Ryan Orr did appropriate lost property and did have Statutory procedures of Due process set out in Missouri Laws 447.010 - 447.060 which gave him means to inquire to the true owner but did not provide the plaintiff due process as he is ordered to under Article I; section 10 of Missouri Constitution and Statutory Laws under 447 chapter which is good standing Law not conflicting with the U.S Constitution.

Ryan orr acted negligently and carelessly for not seeking proper procedures the County attorney or Court would of instructed him to perform.

And as a government official Ryan Orr did deny me of a protected property interest which led to a liberty interest in his unlawful unconstitutional search of the Lost property in direct violation of Missouri's Laws of 447.

By not properly following State Laws Ryan orr mishandled property belonging to another and deprived the plaintiff of his property that establishes a "property interest" which also violates Rsmo 570.030 "Stealing" under Rsmo 570.060 "Lost Property". And violation of "Due process" owed to the plaintiff under state Laws.

5-of-7

And lastly Ryan Orr exposed digital property which is recognized by both State and Federal Laws to hold monetary value by the owner.

And Ryan Orr Tampered with the Computer Equipment under Rsmo 569.097 and Computer Data under Rsmo 569.095 which brings into the civil claim damages and attorney fees, court costs under Rsmo. 537.525 1. 2. which this plaintiff is confident that from the Testimony of Ryan Orr and Kenneth Ray Harrell on 11-10-2022 when these civil and criminal offenses were essentially confessed to under oath by both defendants. Should be more than enough evidence to show this plaintiff is entitled to relief under the law. As this case is possibly a prima-facie case through the Transcribed testimony they both provided to a U.S. Dist. Court under oath.

Should they contest these facts presented. Its a possible admission to a Federal offense of perjury for the admissions before a United States District Court.

"Relief"

This plaintiff requests all value of the tangible property be awarded by each of the defendants in each of their actions consisted of a seperate offense under Chapter 447. Each forfeit double value of the propertys replacement of $360.⁰⁰ each for failure to discover.

This plaintiff further requests the Court to order the value of the digital property that Ryan Orr exposed in violation of Rsmo 447.010; Rsmo 569.097; Rsmo 569.095 with a 570.030 violation by means and reason of Rsmo 570.060 "Lost Property" That permits recovery of damages under the

6-of-7

Missouri Rev. Stat. 537.525 1. 2. and § 447.060.

Ryan Orr's admissions in open Court before Judge Magistrate Stephen R. Welby of the U.S. Dist Court on 11-10-2022 is a confession under oath.

And violated this plaintiffs State Constitutional Protections under Art. I; sections 15 and 10. As well as the Federal Constitutional Provisions that mirror these State Constitutional protections.

In lieu of the §537.525 Statute. This plaintiff humbly requests counsel be assigned to assist and aide the resolution in case of the defendants favor settlement. And the costs are to be assessed by the courts against the defendants.

The potential award for the harms caused by Ryan Orrs conduct under color of Law and in his personal capacity are substantial and must be investigated to assess the value of the digital property. The Constitutional violations and possible criminal action requested by this plaintiff for offenses both Harrell and Orr openly confessed to under oath in a higher Court.

I request counsel be assigned due to the complicated procedures involved while this plaintiff is held in custody for legal repercussions stemming from these acts described in this civil complaint.

I swear and Affirm the forgoing is true under the penalty of perjury under 28 USC 1746 of the U.S. Codes of Law.

Humbly Submitted

Raymond (Boyd) Cooper
65 Business Park Drive
Troy, Mo. 63379

7-of-7

David D. Cooper
Ralls Co. Jail
1-Business Park Drive
N. Missouri. 63379

(Legal Mail)

SAINT LOUIS MO 630
11 SEP 2023 PM

US POSTAGE PITNEY BOWES
$ 012.08
ZIP 63379
02 7H
0006121444  SEP 11 2023

Clark County Court Clerk
Clark County Courthouse
Kahoka, Missouri
63445

63445-999955

FILED FOR RECORD
IN MY OFFICE
SEP 18 2023
Kimberly A. Smith
Circuit Clerk
Clark County, MO

